UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TARA MONROE,

    Plaintiff,

v.                                          CASE NO. 3:24-cv-717-TJC-MCR

FANATICS RETAIL GROUP
FULFILLMENT, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Joint Motion for Approval of Settlement ("Motion") (Doc. 12) and the FLSA Settlement Agreement ("Agreement") (Doc. 12-1). The undersigned has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons discussed herein, the undersigned respectfully **RECOMMENDS** that the Motion be

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

**GRANTED**, the Agreement be **APPROVED**, and the case be **DISMISSED with prejudice**.

## I. Background

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. (Doc. 1.) Plaintiff sought to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs for Defendant's alleged failure to compensate her at the statutory rate of time and one-half the regular rate of pay for any overtime hours worked. (*Id.*) The parties have now settled this action and filed the present Motion, seeking Court approval of the Agreement and dismissal of this action with prejudice. (Doc. 12.)

## II. Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated

2

judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the district court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon

3

> separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-cv-1204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III. Analysis

The Agreement provides that Plaintiff will receive $5,000 for overtime wages, $5,000 for liquidated damages, and that Plaintiff's counsel will receive $5,000 for attorneys' fees and costs. (Doc. 12-1 at 2–3.) Defendants deny liability and any wrongdoing with respect to Plaintiff's compensation. (*Id.* at 2.) The parties represent that there are numerous factual disputes, including whether Plaintiff was properly classified as an exempt employee, the number of overtime hours worked, and whether she was properly compensated for all hours worked. (Doc. 12 at 2.)

The undersigned has reviewed the Agreement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. *Lynn's Food*, 679 F.2d at 1355. Plaintiff's recovery appears reasonable given the significant disputes in this case.[2] Moreover, Plaintiff is represented by counsel. Thus, the undersigned finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 1354.

Further, the parties represent that the attorneys' fees and costs were negotiated separately from Plaintiff's recovery and that the amount sought is reasonable. (Doc. 12 at 3.) Regarding fees and costs, the ultimate issues pursuant to *Silva*, are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorneys' fees and costs to be paid to counsel.

---

[2] Although Plaintiff initially requested $54,263.69 in unpaid overtime wages, Defendant maintains that she was an exempt employee who was fully compensated for all hours worked. (*See* Doc. 1 at 4; Doc. 12 at 2.) Thus, Plaintiff could recover nothing if she continues to prosecute this case.

The undersigned has already concluded that the settlement appears reasonable. In addition, there is no reason to believe that Plaintiff's recovery was affected by the agreed-upon attorneys' fees and costs. Thus, no conflict of interest taints the amount to be recovered by Plaintiff. Further, it appears that counsel is being adequately compensated. Thus, both aspects of the *Silva* attorney fee inquiry are satisfied.

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 12**) be **GRANTED**.

2. The Agreement (**Doc. 12-1**) be **APPROVED**.

3. The case be **DISMISSED WITH PREJUDICE**.

4. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on November 13, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
Senior United States District Judge

Counsel of Record